**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**AMBER BOSTAIN, ALLEN OCAMPO,**

        **Plaintiffs,**

**-vs-**                                                **Case No. 6:11-cv-134-PCF-DAB**

**WESTGATE LAKES LLC,**

        **Defendant.**

## ORDER

This case comes before the Court on the following:

1. Motion to Dismiss Plaintiffs' Amended Complaint by Westgate Lakes LLC (Doc. No. 12, filed Feb. 7, 2011); and

2. Response to Defendant's Motion to Dismiss by Amber Bostain and Allen Ocampo (Doc. No. 16, filed Mar. 28, 2011).

### Background

This case arises out of the employment relationship between Plaintiffs Amber Bostain and Allen Campo and Defendant Westgate Lakes LLC ("Westgate").[1] (Doc. No. 5.) Plaintiffs allege that during Bostain's employment with Westgate, "she witnessed both racially derogatory comments about African-American people, along with sexually harassing and discriminatory conduct regarding females." (Doc. No. 5 ¶ 11.) Plaintiffs further allege that "Bostain complained to both Human

---

[1] The facts presented in this Order are derived from the allegations of the Amended Complaint. (Doc. No. 5.) These facts are included only to provide context and should not be construed as findings of fact.

Resources and management regarding this inappropriate and discriminatory/harassing language and behavior, in an attempt to cease such conduct from occurring in the future." (*Id.* ¶ 12.) Bostain's complaints regarding this behavior were ignored. (*Id.*) Instead, Bostain began to suffer from retaliation as a result of her complaints, including changes in her schedule with which Westgate knew Bostain could not comply. (*Id.* ¶ 13.) Following these changes to her schedule, Bostain contacted Human Resources to discuss both the schedule changes and the previously complained of conduct. (*Id.* ¶ 14.) At this time, Bostain was provided with an official complaint regarding her behavior. (*Id.*) Immediately thereafter, Bostain and her boyfriend, Allen Ocampo, were terminated. (*Id.* ¶ 15.)

On January 28, 2011, Bostain filed the Original Complaint, seeking damages for Westgate's alleged retaliation in violation of Title VII of the Civil Rights Act of 1964, 15 U.S.C. § 2000e, *et seq.* ("Title VII") and the Florida Whistleblower Act, § 448.101, *et seq.*, Fla. Stat. ("FWA") (Doc. No. 1.) On February 4, 2011, an Amended Complaint was filed adding Ocampo as a party plaintiff to both the Title VII and FWA retaliation claims. (Doc. No. 5.) Westgate filed a Motion to Dismiss Plaintiffs' Amended Complaint on March 7, 2011, arguing that Plaintiffs failed to state a claim under the FWA and that Ocampo's Title VII retaliation claim is untimely. (Doc. No. 12.) Plaintiffs responded with a brief in opposition on March 28, 2011. (Doc. No. 16.)

**Standard of Review**

When ruling on a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), a court must limit its consideration to the complaint, the written instruments attached to it as exhibits, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510

(11th Cir. 1993). In determining the merits of the motion, a court must accept all factual allegations in the complaint as true. *Tellabs, Inc.*, 551 U.S. at 323. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Once a court "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," the court must next determine whether the well-pled facts "'state a claim to relief that is plausible on its face.'" *Id.* at 1949-50 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citation omitted). As the United States Supreme Court explained:

> The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* at 1949 (quotation marks and internal citations omitted) (quoting *Twombly*, 550 U.S. at 557). On a Rule 12(b)(6) motion to dismiss, when a court considers the range of possible interpretations of the defendant's alleged conduct, if the "more likely explanations" involve lawful, non-actionable behavior, the court should find that the plaintiff's claim is not plausible. *Id.* at 1950-51.

**Analysis**

**I. Florida Whistleblower Act**

In its Motion to Dismiss, Westgate contends that the Amended Complaint fails to state a claim under the FWA because Plaintiffs do not allege that either Bostain or Ocampo engaged in statutorily protected activity. (Doc. No. 12 at 4.) Specifically, Westgate argues that the Amended Complaint fails to allege that the complained of remarks were made by an employee of Westgate, as opposed to one of the owner's of Westgate's timeshare units or one of its prospective customers. (*Id*. at 5.) In response, Plaintiffs assert that by refusing to address Bostain's complaints, Westgate acknowledged and ratified the illegal conduct that was occurring. (Doc. No. 16 at 5.)

The FWA was enacted "to protect private employees who report or refuse to assist employers who violate laws enacted to protect the public." *Golf Channel v. Jenkins*, 752 So. 2d 561, 562 (Fla. 2000). The FWA provides, in pertinent part, that "[a]n employer may not take any retaliatory personnel action against an employee because the employee has: . . . (3) [o]bjected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation." § 448.102(3), Fla. Stat. In order to a state a claim for relief under the FWA, a plaintiff must allege that: (1) he "engaged in statutorily protected expression;" (2) he "suffered a materially adverse action of the type that would dissuade a reasonable employee from engaging in statutorily protected activity;" and (3) "there was some causal link between these events." *Rutledge v. SunTrust Bank*, 262 F. App'x 956, 958 (11th Cir. 2008) (citing *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001). Establishing the first element, engaging in statutorily protected expression, requires a plaintiff to allege that he or she "objected to or refused to participate in (i) an illegal activity, policy, or practice of an employer, (ii) illegal activity of anyone acting within the legitimate scope of their employment, or (iii) illegal activity of an employee that has been ratified by the

employer." *McIntyre v. Delhaize Am., Inc.*, No. 8:07-cv-2371-T-30TBM, 2009 WL 1039557, at *3 (M.D. Fla. Apr. 17, 2009), *aff'd*, 403 F. App'x 448 (11th Cir. 2010) (citing *Sussan v. Nova Se. Univ.*, 723 So. 2d 933, 934 (Fla. 4th App. Dist. 1999)). The actions of "an employee as opposed to a defendant employer, is irrelevant to, and cannot adequately support a claim based on the FWA." *Id.* (internal citation omitted); *see also Douberley v. Burger King Corp.*, No. 8:06-cv-1844-T-17 EAJ, 2007 WL 1175757, at *4 (M.D. Fla. Apr. 20, 2007) (holding that an employee's allegedly criminal conduct was "irrelevant and inadequate in a claim based on the FWA because [the employee] was merely an employee. . . . Plaintiff failed to allege any violation of law, rule or regulation by any *Defendant-Employer*.") (emphasis in original).

In the present case, Plaintiffs allege that during Bostain's employment "she witnessed both racially derogatory comments about African-American people, along with sexually harassing and discriminatory conduct regarding females."[2] (Doc. No. 5 ¶ 11.) However, the Amended Complaint does not assert that any particular individual engaged in this conduct. In fact, the Amended Complaint fails to provide any information identifying the individual or individuals who allegedly made the complained of comments or engaged in the complained of conduct. Nonetheless, Plaintiffs argue that by refusing to address Bostain's complaints, Westgate acknowledged and ratified the illegal conduct that was occurring. (Doc. No. 16 at 5.)

"The plain and unambiguous terms of the [FWA] state that an employee has protection under the Act for objecting to unlawful acts of his *employer*." *Sussan*, 723 So. 2d at 934 (emphasis added);

---

[2] Plaintiffs allege that Westgate wrongfully retaliated against both Bostain and Ocampo as a result of Bostain's objections to the racially derogatory comments about African-American people and the sexually harassing and discriminatory conduct.

*see* § 448.102(3), Fla. Stat. (protecting employees who have "[o]bjected to, or refused to participate in, any activity, policy, or practice of the *employer*"). Here, while Plaintiffs allege that the complained of activity occurred "in the Defendant's workplace," Plaintiffs fail to assert that their *employer* engaged in the complained of activity because the activity is not alleged to have been: (1) an illegal activity, policy, or practice of Westgate; (2) an activity committed by a Westgate *employee* acting within the legitimate scope of their employment; or (3) an activity of a Westgate *employee* that was later ratified by Westgate. By failing to allege that Bostain objected to unlawful acts of her *employer*, Westgate, the Amended Complaint fails to allege that Bostain engaged in statutorily protected expression. *See, e.g., Sussan*, 723 So. 2d at 934 (dismissing plaintiffs FWA claim, finding that the theft of other employees, to which plaintiff objected, did not fall within the legitimate scope of their employment); *Ruiz v. Aerorep Grp. Corp.*, 941 So. 2d 505, 507 (Fla. 3d DCA 2006) (dismissing plaintiff's FWA claim after concluding that an employer is not responsible for an intentional tort of an employee where the tort was not committed with the purpose of benefitting the interests of the employer); *Kelleher v. Pall Aeropower Corp.*, No. 8:00-CV-365-T-26EAJ, 2001 WL 485119, at *7 (M.D. Fla. Feb. 8, 2001) (finding that an employer was not responsible for an employee's threats and harassment under the FWA where these activities occurred outside the workplace, were unrelated to employment, and were therefore outside the legitimate scope of employment). Accordingly, the Amended Complaint fails to state a claim for relief under the FWA.

**II. Title VII**

Westgate next contends that Ocampo's claim for retaliation under Title VII was not timely filed following his receipt of the Notice of Right to Sue from the Equal Employment Opportunity

Commission. Westgate additionally notes that "this issue is not ripe for review." The Court agrees. Under Title VII, a plaintiff must bring suit within 90 days of receiving a right-to-sue letter.[3] 42 U.S.C. § 2000e-5(f)(1). However, the timeliness of a Title VII action is a factual issue that will not be addressed on a motion to dismiss. *See, e.g.*, *Green v. Union Foundry Co.*, 281 F.3d 1229, 1234 (11th Cir. 2002) (affirming the district court's grant of summary judgment, concluding that the undisputed evidence of record supported the district court's conclusion that plaintiff's Title VII action was untimely). Accordingly, the Court declines to address the timeliness of Ocampo's Title VII claim at this juncture.

## Conclusion

Based on the foregoing, the Motion to Dismiss Plaintiffs' Amended Complaint is **GRANTED in part** and **DENIED in part**. Count II of the Amended Complaint is **DISMISSED without prejudice**. The Motion to Dismiss is **DENIED** in all other respects. Plaintiffs shall have leave to file a second amended complaint that comports with this Order within fourteen (14) days from the date of this Order. If Plaintiffs fail to timely submit a second amended complaint, this action will proceed solely on the well-pled claims of the Amended Complaint.

**DONE** and **ORDERED** in Orlando, Florida on June 14, 2011.

*[signature]*

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

---

[3] The Amended Complaint asserts that "Plaintiffs have fulfilled all conditions precedent to the institution of this action." (Doc. No. 5 ¶ 9.)

Copies furnished to:

Counsel of Record
Unrepresented Parties